McLaurin v. New Rochelle Police Officers

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 15th day of September, two thousand eleven.

PRESENT: DENNIS JACOBS,
                              _Chief Judge_,
            ROBERT A. KATZMANN,
            SUSAN L. CARNEY,
                              _Circuit Judge_s.

- - - - - - - - - - - - - - - - - - - -X
CHARLES B. MCLAURIN,

        _Plaintiff-Appellant_,

        -v.-                                        10-271

NEW ROCHELLE POLICE OFFICERS, P.
KORNAS, L. FALCONE, BRIAN FAGAN, DAVID
LONERGAN,

        _Defendants-Appellees_.


- - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:     Charles B. McLaurin, pro se
                   New Rochelle, NY

1

**FOR APPELLEE:**      Lalit K. Loomba
                      Wilson, Elser, Moskowitz, Edelman & Dicker
                      LLP


     Appeal from a judgment of the United States District Court for the Southern District of New York (Patterson, J.).

     **UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the district court's judgment is **AFFIRMED**.

     Appellant Charles B. McLaurin, proceeding <u>pro se</u>, appeals the district court's grant of partial summary judgment in favor of the Appellees with respect to, <u>inter alia</u>, his 42 U.S.C. § 1983 claims for false arrest, and the district court's judgment, following a jury trial, in favor of the Appellees on his excessive force claims.  We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

     A district court's grant of summary judgment is reviewed <u>de novo</u>.  <u>See</u> <u>Miller v. Wolpoff & Abramson, L.L.P.</u>, 321 F.3d 292, 300 (2d Cir. 2003).  Summary judgment is appropriate only if the moving party can show that there is no genuine issue of material fact, and that the moving party is entitled to judgment as a matter of law.  <u>Id.</u>  We resolve all ambiguities and draw all factual inferences in favor of the nonmovant; the inferences from the underlying facts (revealed in materials such as affidavits, exhibits, interrogatory answers, and depositions) must be drawn in the light most favorable to the nonmoving party.  <u>See</u> <u>Nationwide Life Ins. Co. v. Bankers Leasing Ass'n, Inc.</u>, 182 F.3d 157, 160 (2d Cir. 1999).

     We "review a district court's evidentiary rulings for abuse of discretion, and will reverse only for manifest error."  <u>Cameron v. City of New York</u>, 598 F.3d 50, 61 (2d Cir. 2010) (*quoting* <u>Manley v. AmBase Corp.</u>, 337 F.3d 237, 247 (2d Cir. 2003)).  District courts have "'wide latitude . . . in determining whether evidence is admissible, and in controlling the mode and order of its presentation to promote the effective ascertainment of the truth.'"  <u>Id.</u> (*quoting* <u>SR Int'l Bus. Ins. Co. v. World Trade Ctr. Props., LLC</u>, 467 F.3d 107, 119 (2d Cir. 2006)).

**[1]** An independent review of the record confirms that the district court properly granted summary judgment in favor of the Appellees with respect to the § 1983 false arrest claims, on the ground that Appellant's conviction established probable cause for the arrest as a matter of law. See Cameron v. Fogarty, 806 F.2d 380, 388-89 (2d Cir. 1986). The district court properly granted summary judgment in favor of the Appellees with respect to the malicious prosecution claim because Appellant's indictment by a grand jury created a presumption of probable cause, and there was no genuine issue of material fact as to whether the indictment was produced by "fraud, perjury, the suppression of evidence or other police conduct undertaken in bad faith." Rothstein v. Carriere, 373 F.3d 275, 282-83 (2d Cir. 2004) (internal quotation marks omitted). The grant of partial summary judgment in favor of the Appellees is affirmed for substantially the same reasons as stated by the district court in its well-reasoned and thorough March 2009 opinion and order.

**[2]** The district court properly denied Appellant's cross-motion for summary judgment on the ground that Appellant's acquittal on certain criminal charges could not be used to collaterally estop defendants Kornas and Falcone from litigating the issue of probable cause. Among other reasons, Kornas and Falcone were neither parties in the criminal proceedings against Appellant, nor were they in privity with the State of New York. See Jenkins v. City of New York, 478 F.3d 76, 85 (2d Cir. 2007). The district court's denial of plaintiff's motion for summary judgment is affirmed for substantially the same reasons as stated by the district court.

**[3]** Appellant's arguments with respect to the motion in limine lack record support. Appellant claims that the in limine motion sought to allow evidence of his 1990 conviction; but a review of that motion reveals that it did not. Appellant contends that the district court denied his request for additional time to oppose the motion in limine, and to demonstrate that his 1990 conviction was unlawful. A review of the transcript of the pre-trial conference, however, shows that Appellant never requested any such relief. Although Appellant now argues that he was essentially denied the opportunity to testify at trial, Appellant made it clear several times that he did not intend to testify at trial. Although Appellant now implies that he

3

may have selected to testify but for the district court's failure to give him time to document the invalidity of his 1990 conviction, he failed to raise this challenge before the district court.  No reason is presented why we should depart from the general rule that we will not address issues raised for the first time on appeal.  See <u>Singleton v. Wulff</u>, 428 U.S. 106, 120-21 (1976); <u>see also</u> <u>Virgilio v. City of New York</u>, 407 F.3d 105, 116 (2d Cir. 2005).

**[4]**  Finally, the district court properly admitted the challenged audio recording.  The testimonial evidence offered by the Appellees — namely, the testimony of officer Michaels regarding his participation in the recorded call and of Detective D'Andrea regarding the chain of custody and reproduction of the copy of the recording that was played for the jury — was "sufficient to support a finding that the matter in question is what its proponent claims," Fed. R. Evid. 901(a), and it was therefore sufficient to authenticate the tape.  See <u>United States v. Tropeano</u>, 252 F.3d 653, 661 (2d Cir. 2001); <u>United States v. Pluta</u>, 176 F.3d 43, 49 (2d Cir. 1999) ("[T]he burden of authentication does not require the proponent of the evidence to rule out all possibilities inconsistent with authenticity . . . . Rather, the standard for authentication, and hence for admissibility, is one of reasonable likelihood.") (internal quotation marks omitted).  Furthermore, "[a]uthentication of course merely renders [audio] tapes admissible, leaving the issue of their ultimate reliability to the jury," and any doubts raised at trial concerning their reliability "would . . . go to the weight to be given to the tapes by the jury, not to their admissibility."  <u>Tropeano</u>, 252 F.3d at 661; <u>see also</u> <u>United States v. Sovie</u>, 122 F.3d 122, 127 (2d Cir. 1997) (holding that "allegations of tampering went to the weight of the evidence rather than to its admissibility").

    McLaurin argues that the admission of the recording violated the best evidence rule.  Federal Rule of Evidence 1002, commonly referred to as the "best evidence rule," provides: "To prove the content of a writing, recording, or photograph, the original writing, recording, or photograph is required, except as otherwise provided in these rules or by Act of Congress."  Fed. R. Evid. 1002.  However, "[a] duplicate is admissible to the same extent as an original unless (1) a genuine question is raised as to the authenticity of the original or (2) in the circumstances it would be unfair to admit the duplicate in lieu of the

4

original." Fed. R. Evid. 1003. McLaurin has not raised a genuine question as to the authenticity of the original recording, and therefore the district court did not abuse its discretion by admitting the duplicate recording into evidence.

We have considered appellant's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.


                              FOR THE COURT:
                              CATHERINE O'HAGAN WOLFE, CLERK